## In re LAUREL GLEN APARTMENTS OF ACWORTH, LTD., Debtor.

### Bankruptcy No. 2–90–01444.
### EIN No. 31–1202357.

United States Bankruptcy Court,
S.D. Ohio, E.D.

Aug. 20, 1991.

Victor S. Krupman, Columbus, Ohio, for debtor.

Joseph C. Winner, McFadden and Winner, Columbus, Ohio, for Federal Home Loan Mortg. Corp.

Jay Alix, Jay Alix & Associates, Southfield, Mich., Chapter 11 Trustee.

**200**

Michael L. Cook, Sally M. Henry, Skadden, Arps, Slate, Meagher & Flom, New York City, Marilyn Shea–Stonum, Jones, Day, Reavis & Pogue, Columbus, Ohio, co-counsel to trustee.

Charles M. Caldwell, Asst. U.S. Trustee, Columbus Office of U.S. Trustee for Region IX, Columbus, Ohio.

Leon Friedberg, Benesch, Friedlander, Coplan & Aronoff, Columbus, Ohio, for Official Committee of Unsecured Creditors.

Harvey S. Minton, Minton & Leslie, Columbus, Ohio, Charles J. Taunt, Charles J. Taunt & Associates, Birmingham, Mich., Gary H. Cunningham, Kramer Mellen, P.C., Southfield, Mich., special counsel to trustee of Consolidated Estate.

James Bownas, Legal Counsel, Cardinal Industries, Inc., Columbus, Ohio.

## OPINION AND ORDER ON REQUEST FOR CONFIRMATION OF CHAPTER 11 PLAN

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on the requested confirmation of a second amended plan of reorganization ("Plan") proposed by Chapter 11 debtor, Laurel Glen Apartments of Acworth, Ltd., ("Laurel Glen"). No objections were filed to confirmation. The Court has an independent duty to find that all elements for confirmation have been met, however, and may confirm a plan only if all those requirements, as set forth in 11 U.S.C. § 1129(a) ("§ 1129(a)"), have been satisfied.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) which this bankruptcy judge may hear and determine.

### I. *Facts and Procedural History*

Laurel Glen is a limited partnership operating under the provisions of Chapter 11. Its general partner, Cardinal Industries Inc., ("CII"), is also a Chapter 11 debtor before this Court. The Federal Home Loan Mortgage Corporation ("Freddie Mac") is the holder of a note which Laurel Glen executed in the principal amount of $1,783,-000. Repayment of that note is secured by a mortgage against Laurel Glen's primary asset, an apartment complex, and by a security agreement and assignment of rents. Freddie Mac has agreed to modify the terms of its loan under the Plan.

The Court approved the second amended disclosure statement filed by Laurel Glen, and on August 8, 1991, held a confirmation hearing on the Plan. Although the parties characterize the Plan as "consensual," it is expressly consensual only between Laurel Glen and Freddie Mac.

### II. *Issue Presented*

There are two issues before the Court. First, the Court must determine what showing a proponent of a Chapter 11 plan must make at a confirmation hearing where its plan is unopposed. Second, the Court must find whether Laurel Glen made such showing.

### III. *Conclusions of Law*

### A. *The Showing Required of a Plan Proponent at an Unopposed Hearing on Confirmation*

Confirmation of a chapter 11 plan generally acts as a discharge of a debtor's prepetition obligations and establishes new contractual relationships between the parties. 11 U.S.C. § 1141(d)(1)(A). Concern for that effect and the explicit mandate of § 1129(a) require the proponent of a chapter 11 plan to establish all prerequisites for confirmation under that section and, thus, create an appropriate record.

Initially, before the hearing on confirmation, counsel for the plan proponent "shall certify to the court the amount and number of allowed claims of each class accepting or rejecting the plan and the amount of allowed interests of each class accepting or rejecting the plan". Local Bankruptcy Rule 3.15(c). Additionally, where the proponent seeks equity contributions from members of one or more classes, that certification should indicate the amount of such funds committed by parties to the reorganization process.

The provisions of § 1129(a) are mandatory and the Court must find that the plan fulfills all requirements set forth therein prior to confirming the plan. The Court cannot confirm the plan unless the evidence and arguments at the hearing establish all factual and legal requirements of § 1129(a).

Ideally, counsel for the plan proponent should speak to each subsection of § 1129(a). Although the Court may presume the good faith requirement without evidence, (Federal Rule of Bankruptcy Procedure 3020(b)(2)), the remaining requirements of § 1129(a)(4)–(13) require evidence. Statements of counsel may substitute for testimonial evidence if an § 1129(a) requirement either is not applicable or can be gleaned from previous filings with the Court. See, e.g., § 1129(a)(4–6), (8–10), and (12–13).

For example, the plan proponent must indicate by votes either that each class of claims or interests is unimpaired under the plan or that such class of claims or interests has accepted the plan.[1] Counsel for the plan proponent, using the certification of votes, should go through each class of claims or interests at the hearing and show that this requirement is met. Filing the certification with the Court is a prerequisite, but is not a substitute for necessary statements of counsel on the record. The certification provides the data for the inferences, but it does not establish those inferences.

Testimonial evidence is usually necessary to establish the "feasibility" test found in 11 U.S.C. § 1129(a)(11). For feasibility to be met, the Court must find from the evidence that the plan "offers a reasonable prospect of success and is workable". 5 Collier on Bankruptcy § 1129.02 at 1129–53 (15th Edition 1990). That proof should include a showing that funds will be available to make the payments required by the plan on or near the effective date. It is necessary for the witness to compare the amount of cash or other property on hand as of the effective date with the amounts required under the initial phases of the plan. The plan proponent must show the existence of these funds or the ability to generate needed additional funds. The long term economic prospects of the debtor must also be discussed as those impact upon plan requirements.

Evidence is also generally required to establish the "best interests of creditors test" of § 1129(a)(7). That evidence should make clear that each holder of a claim will receive, under the plan, a value not less than would be received if the debtor were liquidated under chapter 7 of title 11 on the effective date of the plan. Neither the Court nor the record will establish that element by inference from the Court's file or by statements in the disclosure statement. Of course, if each member of every impaired class accepts the plan, that evidence will not be required.

Finally, the plan proponent must show that all court costs and fees owing to the United States Trustee have been paid or will be paid on the effective date of the plan. 11 U.S.C. § 1129(a)(12) and L.B.R. 3.16. The plan proponent should offer testimony to establish this requirement. A record of those court costs can be obtained from the Clerk's office prior to the time of the hearing on confirmation.

### B. *Laurel Glen's Satisfaction of the Confirmation Tests*

Laurel Glen presented evidence which established that its proposed plan is feasible. A representative of Laurel Glen's general partner testified that the debtor had sufficient cash on hand to meet the initial payment requirements under the plan.

Laurel Glen's witness further testified that if the debtor's real and personal property were liquidated under chapter 7 on the day of the hearing, the net proceeds from that liquidation would be insufficient to pay holders of claims as much as each holder is receiving under the plan. Financial calculations offered by the witness supported

---

[1] If all impaired classes of claims or interests have not accepted the plan, but all other requirements for confirmation have been met, § 1129(b) sets forth additional requirements for a "cram down". That procedure, however, is not presently before the Court.

those conclusions. Therefore, the "best interests test" also was met.

The class of creditors holding general unsecured trade claims did not cast any votes. Although Laurel Glen proposed to pay each member of this class 100% of its allowed claim, that payment was to be made by installments over the next year. Thus, this class was impaired and did not accept the plan. Laurel Glen did not argue any construction of § 1129(a)(8) which would excuse compliance with this requirement. Therefore, the Court orally denied confirmation at the hearing.

Finally, Laurel Glen offered no statements of counsel or testimonial evidence that it has paid the court costs and United States Trustee fees assessed to its case.

### IV. *Conclusion*

Confirmation of a proposed chapter 11 plan requires a debtor plan proponent to show more than an agreement between it and its major secured lender. The provisions of 11 U.S.C. § 1129(a) are mandatory and the Court will require that a record be made at the confirmation hearing to show that each requirement has been met.

Laurel Glen offered testimony or statements of counsel to establish certain confirmation requirements. However, it failed to establish that all impaired classes had accepted the plan or that it sought to "cram down" this class of claims. It also failed to show that § 1129(a)(12) had been met.

Based on the foregoing, confirmation of the debtor's plan is denied. Laurel Glen is given seven days from the entry of this opinion and order to amend its plan or take whatever action is necessary under the circumstances.

IT IS SO ORDERED.

